John E. Bragonje (NV Bar No. 9519)
Anona Su (NV Bar No. 16140)
WOMBLE BOND DICKINSON (US) LLP
8488 Rozita Lee Ave, Suite 400
Las Vegas, NV 89113
Telephone: 702-474-2625
John.Bragonje@wbd-us.com
Anona.Su@wbd-us.com

Attorneys for Defendant
Hyundai Capital America dba Kia Motor Finance

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ricky Varni,<br><br>              Plaintiff,<br><br>      v.<br><br>Equifax Information Services LLC;<br>Experian Information Solutions, Inc. and<br>Hyundai Capital America dba Kia Motor<br>Finance,<br><br>              Defendants. | Case No. 2:25-cv-02293<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: 11/19/2025<br>Trial Date: None Set |

Plaintiff, Ricky Varni ("Plaintiff"), by and through its undersigned counsel of record, and Defendant Hyundai Capital America dba Kia Motor Finance ("Hyundai"), by and through their undersigned counsel of record (collectively, the "Parties"), enter into the following Stipulated Confidentiality Agreement and Protective Order ("Protective Order") pursuant to Federal Rule of Civil Procedure 26(c).

### 1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action may be warranted. Accordingly, the parties have stipulated to and requested entry of the following Stipulated Protective Order. The parties have acknowledged that this Order does not confer blanket protections on all disclosures or

STIPULATED PROTECTIVE ORDER

responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties have further acknowledged, as set forth in Section 12.3 below, that this Order does not entitle them to file confidential information under seal; Local Rule IA 10-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**2.      DEFINITIONS**

2.1.     Action: the above-captioned action pending in the United States District Court for the District of Nevada, *Ricky Varni. v. Hyundai Capital America dba Kia Motor Finance et al.*, Case 2:25-cv-02293-JCM-MDC.

2.2.     Challenging Party: a Party or Nonparty that challenges the designation of information or items under this Order.

2.3.     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other applicable law.

2.4.     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5.     Court: the court having jurisdiction over this Action.

2.6.     Designating Party: a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7.     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8.     Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

STIPULATED PROTECTIVE ORDER

2.9.    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include outside counsel of record or any other outside counsel.

2.10.    Nonparty: any natural person, partnership, corporation, association, or other legal entity not named as a party to this Action.

2.11.    Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party. For the avoidance of doubt, Outside Counsel of Record for Defendants includes attorneys affiliated with Womble Bond Dickinson (US) LLP and Freedom Law Firm, LLC, in addition to any other attorneys who qualify as Outside Counsel of Record under this definition.

2.12.    Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13.    Producing Party: a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.14.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16.    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, communications, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving

-3-

STIPULATED PROTECTIVE ORDER

Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. In addition, this Order shall not limit a Party or Non-Party's ability to use its own Protected Material for any purpose. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.     DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1.     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.     Manner and Timing of Designations.

Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

STIPULATED PROTECTIVE ORDER

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. Counsel for the Parties may further designate deposition testimony as confidential by providing written notice to all Counsel who have appeared in this Action within fourteen (14) days after receipt of the transcript by Counsel for the party whose information was disclosed.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    Inadvertent Failures to Designate.

STIPULATED PROTECTIVE ORDER

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer.

The Challenging Party shall initiate the dispute-resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention.

If the Parties cannot resolve a challenge without Court intervention, the Designating Party shall initiate the discovery-dispute process required by the Court within 21 days of the initial notice

STIPULATED PROTECTIVE ORDER

of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Failure by the Designating Party to initiate the discovery-dispute process within this time shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may initiate the discovery-dispute process challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such discovery dispute shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the dispute.

### 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.    Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty only in connection with this case for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h)    any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

-8-

STIPULATED PROTECTIVE ORDER

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order (and shall include a copy of this Order); and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a)     The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information produced by Nonparties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2)     promptly provide the Nonparty with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Nonparty.

-9-
STIPULATED PROTECTIVE ORDER

(c)    If the Nonparty fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

Further, and pursuant to Federal Rule of Evidence 502(d) and (e), no privilege or protection shall waived by disclosure of any documents or information in connection with this Action.

**12.    MISCELLANEOUS**

12.1.    Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

STIPULATED PROTECTIVE ORDER

12.2.    Right to Assert Other Objections.

By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3.    Filing Protected Material.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule IA 10-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule IA 10-5 is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

-11-

STIPULATED PROTECTIVE ORDER

Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**14.    VIOLATION**

Any violation of this Protective Order may be punished by appropriate measures, including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED.**

Dated: March 27, 2026                **WOMBLE BOND DICKINSON (US) LLP**

By:      /s/ Anona Su
John E. Bragonje
Nevada Bar No. 9519
Anona Su
Nevada Bar No. 16140
8488 Rozita Lee Ave, Suite 400
Las Vegas, NV 89113
*Attorneys for Defendant,*
*Hyundai Capital America dba Kia Motor*
*Finance*

Dated: March 27, 2026                **FREEDOM LAW FIRM, LLC**

By:      /s/ Gerardo Avalos
George Haines
Nevada Bar No. 9411
Gerardo Avalos
Nevada Bar No. 15171
8985 South Eastern Ave., Suite 100
Las Vegas, NV 89123
*Attorneys for Plaintiff Ricky Varni*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 4-3-26 _____

-12-
STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], hereby declare as follows:

I have read in its entirety and understand the Stipulated Protective Order (the "Order") issued on _____ [date of order] in *Ricky Varni. v. Hyundai Capital America dba Kia Motor Finance et al.*, Case 2:25-cv-02293-JCM-MDC (the "Action").

I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the District of Arizona for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of the Action.

I hereby agree to accept service of any process in connection with the Action via e-mail at _____ [e-mail address of signatory or counsel].

I declare under penalty of perjury, under the laws of Arizona and the United States of America, that the foregoing is true and correct.

Executed on _____ [date], at _____ [location].

[Signature]    _____

STIPULATED PROTECTIVE ORDER

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026 I electronically filed the foregoing [PROPOSED] STIPULATED PROTECTIVE ORDER with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ Emily D. Kapolnai
An employee of Womble Bond Dickinson (US) LLP

-14-

STIPULATED PROTECTIVE ORDER